IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-12-1368 |
| v. | § | (CRIMINAL NUMBER H-11-527) |
| | § | |
| INNOCENT RUTAHAGARA BATAMULA, | § | |
| | § | |
| Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Innocent Rutahagara Batamula, has filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Docket Entry No. 43 in Crim. No. H-11-527).[1] Batamula alleges that his trial counsel was ineffective in failing to warn Batamula about the immigration consequences of his guilty plea. Batamula alleges that he now faces deportation because of his plea and that he would not have pled guilty, but would have insisted on going to trial, if his attorney had informed him about the immigration consequences of his plea. (Application for Writ of Habeas Corpus, Docket Entry No. 43, at p. 3 ¶ 9(e))

Pending before the court is the United States' Motion for Summary Judgment (Docket Entry No. 53), to which Batamula has filed a Response (Docket Entry No. 54). The court has considered the parties' arguments and is persuaded that the United States' Motion for Summary Judgment should be granted.

---

[1] All docket entry references are to Criminal No. H-11-527.

The defendant's Plea Agreement (Docket Entry No. 31) states:

**Waiver of Appeal**

> 7. . . . Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

Docket Entry No. 31 at p. 3 ¶ 7.

At Batamula's rearraignment the following colloquy occurred between the court and Batamula:

> THE COURT: Mr. Batamula, the governmnt has provided me with a copy of the plea agreement. Have you read that agreement before today?
>
> DEFENDANT BATAMULA: Yes, Your Honor.
>
> THE COURT: Have you discussed it with your attorney?
>
> DEFENDANT BATAMULA: Yes, Your Honor.
>
> THE COURT: I want to go over the essential parts of it now to be sure that you understand it.
>
> In paragraph 1 you agree to plead guilty to Counts 1 and 2 of the criminal information which I described a moment ago. Also, in that paragraph you agree to disclose to the government the location of your son, "BB", and the location of the fraudulent passport issued to "BB" under the name "ZM".
>
> In paragraph 7 on Page 3 you acknowledge that, normally, you have a right to appeal your sentence or the manner in which it was imposed and that, normally, you would have the right to contest your conviction or sentence by means of any post-conviction proceeding. In this agreement, however, you give up those rights.
>
> Have you discussed those rights with your attorney?

```
DEFENDANT BATAMULA:  Yes, Your Honor.

THE COURT:    As a part of this plea agreement do you wish
              to waive your right to appeal the sentence
              imposed or the manner in which it was
              determined?

DEFENDANT BATAMULA:  Yes, Your Honor.

THE COURT:    As a part of this agreement do you wish to
              waive your right to contest your conviction
              or sentence by means of any post-conviction
              proceeding?

DEFENDANT BATAMULA:  Yes, Your Honor.
```

Transcript of Rearraignments Before the Honorable Sim Lake, Docket Entry No. 51, p. 17 line 24 through p. 19 line 7. At the conclusion of the rearraignment the court found that Batamula's waivers of his right to appeal and to collaterally attack his conviction or sentence were knowing and voluntary waivers. (Transcript of November 17, 2011, Rearraignments Before the Honorable Sim Lake, Docket Entry No. 51, p. 22 lines 5-7) Because Batamula knowingly and voluntarily waived his right to collaterally attack his conviction or sentence, the court concludes that his Application for Writ of Habeas Corpus pursuant to U.S.C. § 2255 should be dismissed.

Moreover, even had Batamula not waived his right to collaterally attack his conviction or sentence, he has shown no right to relief. To prevail on a claim of ineffective assistance of counsel Batamula must demonstrate that his counsel's performance was both deficient and prejudicial. In this case the court warned Batamula at his rearraignment that

> [t]he offenses that you're pleading guilty to are felonies. That means that each of you will likely be deported after you serve your sentence.

Transcript of November 17, 2011, Rearraignments Before the Honorable Sim Lake, Docket Entry No. 51, p. 10 line 25 through p. 11 line 2. Therefore, even if Batamula's attorney was deficient in failing to inform Batamula of the immigration consequences of his guilty plea, Batamula has not shown that such a deficiency prejudiced him because before accepting his guilty plea the court informed him that he would likely be deported after he served his sentence. Since Batamula cannot satisfy the prejudice prong of his claim of ineffective assistance of counsel, he would not be entitled to relief even had he not waived his right to collaterally attack his conviction or sentence.

Accordingly, the United States' Motion for Summary Judgment (Docket Entry No. 53) is **GRANTED,** and Batamula's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Docket Entry No. 43 in Crim. No. H-11-527) is **DENIED.**

**SIGNED** at Houston, Texas, on this the 8th day of August, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE